IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHEEM ALADEAN, : | |
| : | CIVIL ACTION |
| Plaintiff : | |
| : | |
| v. : | NO. 14-6490 |
| : | |
| LIBERTY REAL ESTATE : | |
| ASSOCIATES LLC, : | |
| : | |
| Defendant : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE                                                                 January 5, 2016
UNITED STATES MAGISTRATE JUDGE

**Introduction**

Presently before the Court is Tasheem Aladean's ("Plaintiff" or "Aladean") "Amended Motion for Attorneys' Fees and Costs" together with its "Brief in Support of Amended Motion for Attorney Fees and Costs" and attached Affidavits (Doc. 31) ("Motion") and the "Reply of Defendant Liberty Real Estate Associates, LLC to Plaintiff's Motion for Attorneys' Fees and Costs" (Doc. 32) ("Reply").[1]  By its Motion and pursuant to 42 U.S.C. § 3613(c)(2) and Fed. R. Civ. P. 54(d)(1)(2)(A) and (B), Plaintiff seeks an award of $26,250.00 for attorney's fees and $2,395.00 for costs.  For the reason set forth below, Plaintiff's Motion is granted in substantial part.

The Fair Housing Act provides for an award of counsel fees to the prevailing party.  The statute provides in relevant part:

---

[1] The Court uses "Liberty" or "Defendant" to refer to the defendant in this case, Liberty Real Estate Associates, LLC.

> (2) In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs. The United States shall be liable for such fees and costs to the same extent as a private person.

42 U.S.C. § 3613(c)(2). This "provision, which sounds fully discretionary ... actually is not. In fact, a district court's discretion not to grant attorney's fees and costs in civil rights cases is tightly cabined." *New Jersey Coalition of Rooming & Boarding House Owners v. Mayor of Asbury Park*, 152 F.3d 217, 225 (3d Cir.1998) (internal citations omitted). We exercise this "tightly cabined" discretion in favor of awarding attorney's fees – but will limit the award based upon facts and circumstances presented here.

We note initially that Aladean prevailed at trial and benefits from the entry of a judgment in his favor in the amount of $2,500. The Court limited his award as he presented no evidence of economic loss and his evidence of emotional harm was not extensive. As we observed in our Findings of Fact and Conclusions of Law, "he did not present himself as suffering significant emotional harm." (Doc. 28 at 14.) We declined to award him punitive damages.

The starting point for determining the amount of a reasonable attorney fee is the lodestar, which courts determine by calculating the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In *Hensley*, the Supreme Court instructed that courts should exclude from the lodestar any hours not "reasonably expended" or "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The amount of the fee is determined by the facts of each case. *Id* at 429. Ultimately, the court "has substantial discretion in determining what constitutes a reasonable rate and reasonable hours." *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

2

Calculating the product of "reasonable hours times a reasonable rate does not end the inquiry." *Hensley*, 461 U.S. at 434.  After determining the appropriate lodestar, the court must look to the important factor of "results obtained" by the attorney.  *Id.*[2]  It must be satisfied that "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award" and it "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  *Id.* at 434-35.  Thus, the fee award can be adjusted upward or downward upon an evaluation of the "results obtained in a case."  *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009).

At the outset, we observe that Aladean entered into a 33.3% contingency fee agreement with his attorney, Mr. Trubman.  We accept, as suggested by Liberty, that "[t]he fee quoted to the client or the percentage for the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case."  *Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air,* 483 U.S. 711, 723 (1987) (quoting *Johnson v. Georgia Highway Express*, 488 F.2d 714, 718 (5th Cir. 1974)).  Nonetheless, even when a contingency fee agreement has been reached, the court will look at "what is reasonable, not what the parties agreed to."  *U.S. ex rel. Young v. Somerset Farms, Inc.*, 2014 WL 2048181, at *2 (E.D. Pa. May 16, 2014).  We move then to implementing the lodestar methodology.

In his Motion, Aladean sets out that his counsel, Howard Trubman, spent 25 hours at a $250 an hour rate under a category he calls "Discovery" and 50 hours at a $400 rate for time

---

[2] The Court may consider the other factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (CA5 1974). However, many of these factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 (citing *Copeland v. Marshall,* 641 F.2d 880, 890 (1980)).

spent under a second category he calls "Trial Preparation and Trial." He further asserts that $2,395.00 in costs were incurred, major portions of which concerned the filing of the complaint ($400), deposition transcripts of Li, Aladean and Lin ($568), and the trial transcript ($1,144). The Motion is further supported by Mr. Trubman's own affidavit detailing his background and qualifications and the affidavit of Sidney Gold, Esquire, expressing his opinion that the $250 and $400 per hour rates charged by Mr. Trubman are "quite reasonable considering his four decades at the Bar." (*See* Gold Affidavit, Doc. 31-3.) The Motion is not, however, supported by any contemporaneous time records or billings to the client.

As an initial matter, we accept Mr. Trubman's and Mr. Gold's opinions as to the hourly rates. We further applaud Mr. Trubman for using two different hourly rates which set out a lower rate doing "Discovery" than for "Trial Preparation and Trial." We will use these rates in our analysis as they are reasonable and not seriously challenged by Liberty.

Having determined that the hourly rates are reasonable, we turn to the reasonableness of the hours spent and examine the fee petition to see if it provides "some fairly definite information as to the hours devoted to various general activities . . . and the hours spent by various classes of attorneys." *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) (internal quotations omitted). Liberty, in its Reply, presents several valid arguments for reducing Plaintiff's requested attorney's fees and costs.[3] We conclude, with some exceptions in the "Trial Preparation and Trial" category, that Plaintiff has met the reasonableness standard and that the "hours spent on discovery, pretrial preparations and the trial itself are not excessive." *See* "Brief

---

[3] Liberty notes that Aladean has presented no written fee agreement between attorney and client. (Doc. 32 at 7-8.) Liberty is right, but it is of no significance here, as we are tasked to determine "what is reasonable" under the lodestar methodology.

in Support of Amended Motion for Attorney Fees and Costs" (Doc. 31-1) ("Brief") at 4.  We do however agree with Liberty and have concerns about certain entries in Plaintiff's two categories which appear to overlap and have only limited descriptions.  These limitations are aggravated by the lack of contemporaneous records and no reference to dates in the "Discovery" category.  We are therefore obliged to make adjustments.

Looking broadly at 25 hours for "Discovery" – where Plaintiff has included client intake, research into the applicable statute, preparation of a complaint, participation in a settlement conference and the taking and reviewing of three depositions – we conclude that the time spent is reasonable.  We have been frustrated by the presentation of that part of the petition where Aladean has three entries pertaining to contacts with the Court.  They are all undated but reflect:

| | |
|---|---|
| Phone Conference with Court | .25 hours |
| Phone Conference, Magistrate Strawbridge | 2.5 hours |
| Travel to city; Settlement Conf. with Magistrate Strawbridge | 2.0 hours |

Reacting initially with concern – as we highly doubted that we had a two and a half hour "phone conference" with counsel – we consulted the docket and found that we were right.  But we also noted that we had a phone conference of .25 hours on March 11, 2015 (Doc. 10), a settlement conference of 2.0 hours held on April 14, 2015 (Doc. 11) and a second settlement conference on May 27, 2015 of 2.5 hours (Doc. 14).  Even though the 2.5 hour conference was not described properly, we will accept it and the remaining entries in the "Discovery" category.  This comes to a sub-total of $6,250 (25 hours x $250).

Under Plaintiff's "Trial Preparation and Trial" portion of his billing, Liberty raises further questions.  It challenges Aladean's first June 9 entry where he purports to spent 5 hours in activity described as "Write pretrial memo for Plaintiff, review exhibits."  Plaintiff's resulting pre-trial memo was three and a half pages in length and contained no exhibits.  (*See* Doc. 18-2.)

We agree with Defendant that the time spent is not reasonable and adjust it from 5 to 1.5 hours. Liberty also argues that the three June 10 entries and June 12 and 15 entries describing activity as "Trial preparation" (June 10), "Prepare for deposition of Mei-Lin Walter" (June 10), "Phone deposition of Mei-Lin Walter" (June 10), "Meet and prepare Plaintiff for trial" (June 12) and "Final preparation" (June 15) are "inflated" as Mr. Trubman already recorded "3 hours" which we accepted "[r]eview[ing] Aladean, Li and Lin depositions" (undated). (*See* Doc. 31 at 2-3.) We understand Liberty's position, and will adjust these entries from 6 to 3 hours for the non-specific "Trial preparation" of June 10 and will reduce his June 12 and 15 entries from 3.5 hours to 2 and 2 hours to 1, respectively. (*See* Doc. 31 at 2.)

Liberty further contends that certain entries, incurred "after trial," are "completely unnecessary to Plaintiff's instant motion" and should either not be accepted or, if accepted, billed at the "Discovery" rate of $250 an hour. (*See* Doc. 32 at 9-10.) Liberty highlights entries on June 10, July 3, July 5, July 9, July 10, July 13, September 24 and September 25. Upon review, we first observe that the trial took place on June 16 and, accordingly, entries on June 10 relating to Mei Lin Walter's deposition, which was used as a trial deposition, are accepted as trial preparation and therefore were properly charged at the $400 rate. Liberty also argues that entries on July 9, 10 and 13 are "completely unsupported," stating that "[n]either Plaintiff's counsel, nor counsel for Defendant filed any post-trial briefs to support the $5,000 of legal fees allegedly incurred by Plaintiff." *Id.* at 10. In fact, the Court instructed the parties to file post-trial motions on July 2, Plaintiff's letter brief was filed on July 13 and Liberty filed its reply on July 23. (Docs. 23, 24, 25.) While we conclude that Plaintiff's entries from July 3 through 13 were necessary for the filing of his brief, we agree with Liberty that the total 16 hours spent were unreasonable in light of the resulting nine-page letter brief. We therefore reduce those entries

from 16 hours to 10. We also reduce the September 24 and 25 entry from 5 hours to 4 hours, after reviewing the scope of Plaintiff's motion for attorney's fees. We further agree with Liberty that this work was not "Trial" or "Trial Preparation" and will therefore be considered only at the $250 rate.

We cumulate these entries, which we accept with adjustments, to be reasonably charged at the $400 "Trial and Trial Preparation" rate - coming to a sum $8,000 ($400 x 20 hours as adjusted). We agree with Aladean that this activity from June 9 to June 16 is properly categorized as "Trial and Trial Preparation" activity.

We accept, however, Liberty's objection to charging that "Trial and Trial Preparation" rate for work done after the trial. These hours, which run from July 3 to September 25, cumulate in Plaintiff's submission set at 21 hours, have been adjusted to 14 hours. At $250 per hour, this portion of the billing comes to $3,500. Thus, we settle on reasonable fees as:

| | | |
|---|---|---|
| **Discovery** | 25 hours x $250 | = $6,250 |
| **Trial and Trial Preparation** | 20 hours x $400 | = $8,000 |
| | 14 hours x $250 | = $3,500 |
| | | $17,750 |

We now come to the question of whether an overall adjustment based upon the result at trial is appropriate. In Plaintiff's complaint, he sought to recover economic, non-economic and punitive damages. (Doc. 1 at 3-4.) While Mr. Aladean prevailed, he prevailed only on non-economic damages at a modest sum of $2,500. (Doc. 28 at 13.) Mr. Trubman presented no evidence of economic loss and presented no specific argument for punitive damages. In fact, Mr. Trubman failed to present any evidence of damages in his case-in-chief, and it was only after his discussion with the Court in response to Mr. Tupitzka's objection regarding the scope of cross-examination, that he asked for leave to reopen his case to present evidence of emotional harm. (N.T. 157-59.) Once his case was reopened, Plaintiff's testimony about the emotional harm

suffered as a result of Liberty's actions was limited in scope. While he testified that he was "utterly shocked," and felt "degraded, humiliated, depressed, less of a man" and "really hurt" (N.T. 159-60), he left the Court with the impression that he was a stable and self-confident man. (Doc. 28 at 13-14.) No evidence was offered by Plaintiff to support his brief testimony to alter the Court's view. Accordingly, we find that the lodestar should be adjusted downward to reflect Mr. Trubman's "degree of success" in litigating the claim without evidence of damages originally sought in Plaintiff's complaint. We do so by reducing the lodestar amount of $17,750 by 20%, resulting in a reasonable recoverable fee of $14,200.

With respect to Plaintiff's portion of fees titled "Total Costs Incurred," Liberty argues that the cost of the trial transcript is unsupported and "completely unnecessary" to the motion for attorney's fees in that Plaintiff has not filed an appeal on the matter. The trial transcript was necessary, however, for post-trial motions filed by both parties, and we accept it as an appropriate cost incurred in the case. (*See* Docs. 24, 25.) Nevertheless, we reduce the total amount of the transcript to $888.80, as discussed in the November 6, 2015 telephone conference between the parties and the Court. (Doc. 34.) We accept the other costs incurred, noting that Liberty has not stated a specific objection to them, bringing the total costs incurred to $2,139.80. Therefore, we award the sum of $2,139.80 (costs incurred) + $14,200 (adjusted lodestar) = $16,339.80 for Plaintiff's attorney fees and costs.

An appropriate order follows.

BY THE COURT:


s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

8